IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTIS LEE HARRIS, § | | |
| Petitioner, § | | |
| § | | |
| V. § | NO. 3:08-CV-770-G | |
| § | | |
| RICK THALER, Director § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. Procedural Background**

On April 27, 2006, Petitioner was convicted of aggravated assault with a deadly weapon and was sentenced to twenty-five years confinement. *State v. Harris*, No. F-0571317-KU (291st. Jud. Dist. Ct., Dallas County, Tex., April 27, 2006). On February 21, 2007, the Fifth District Court of Appeals affirmed the conviction. *Harris v. State*, No. 06-06-00745-CR, 2007 WL 520780, slip op. at *1 (Tex. App.–Dallas 2007). On May 23, 2007, the Court of Criminal Appeals dismissed Petitioner's petition for discretionary review as untimely filed. *In re Harris*, PDR No. 700-07.

On November 26, 2007, Petitioner filed a state petition for writ of habeas corpus. *Ex parte Harris*, Application No. 69,538-01. On March 26, 2008, the Court of Appeals denied the petition without written order on the findings of the trial court. *Id.* at cover.

On May 5, 2008, Petitioner filed this federal petition. He argues:

(1) The evidence at trial was insufficient to prove the elements of the crime beyond a reasonable doubt;

(2) He received ineffective assistance of counsel because counsel failed to:

    (a) scientifically authenticate photographic evidence;

    (b) object to the use of photographic evidence;

    (c) move for limiting instructions to the jury regarding photographic evidence;

    (d) move to suppress the photographic evidence;

    (e) object to a jury instruction that did not charge for a lesser-included offense; and

    (f) make adequate pretrial preparations by failing to adequately investigate the facts, obtain medical testimony, and know the governing law.

## II. Factual Background

The following factual background is taken from the opinion of the Fifth District Court of Appeals.

> Appellant and his wife, Opal Harris, had been separated for about sixteen years, but were not divorced. Sometime in 2004, appellant and Harris resumed their relationship. On the evening of January 19, 2005, appellant assaulted Harris. At trial, Harris testified that as she was laying in bed watching television, appellant came into the bedroom and began arguing and cursing her. Appellant acted "like he was high or something." Appellant and Harris began physically fighting and during the fight,

appellant tried to choke Harris. When she pushed his hands away, appellant left the bedroom and walked towards the kitchen. He then returned to the bedroom carrying a "black gun with brown on the handle." Appellant said, "[B]itch, I'll kill your ass," and hit Harris in the head with the butt of the gun. Harris fell to the floor. When appellant turned his back to her, Harris ran outside to a neighbor's house and called the police. Harris testified she felt pain when appellant hit her, and the right side of her face and eye were swollen. The police arrived about thirty minutes later. An audiotape of Harris's call to the police, photographs of Harris's face, and a written statement Harris gave to the police were admitted without objection and shown to the jury.

Harris's oldest daughter Marvina testified she and her siblings drove to their mother's house after she called them crying. Marvina testified her mother was crying, appeared "panicked and scared," and her face and eye were swollen. Marvina testified her mother said she and appellant got into an argument and appellant hit her in the head with the butt of a gun.

Dallas police officer Lonnie Howard was dispatched to Harris's house on a domestic disturbance call. When he arrived, he saw Harris standing in the front yard of a neighbor's house with her daughter and the neighbor. Harris appeared "upset and afraid," and the right side of her face and right eye were swollen. Harris told Howard the injuries to her face were the result of her husband hitting her with the butt of a gun. Howard testified appellant was not there when he arrived, and there was no gun found at the scene.

Appellant admitted he assaulted Harris, but testified he did not use or exhibit a gun during the assault. According to appellant, he and Harris had an argument about the fact that she was being pressured by "somebody" to move appellant out of the house. On the night of the assault, appellant had already decided he was going to move out of the house. When he and Harris started arguing, appellant pushed Harris "up side the door. That was all." Appellant denied hitting Harris. Appellant testified that when he pushed Harris, she fell to the floor. Appellant testified that although he was in drug treatment at the time he and Harris got back together, he had not used any drugs on the day of the assault. According to the appellant, Harris's face had been "swollen for years" due to a previous car wreck. Appellant further testified he had prior felony convictions for possession of drugs and retaliation on Harris.

*Harris v. State*, No. 05-06-00745-CR, slip op. at 1-4 (Tex. App. filed Feb. 21, 2007).

### III. Discussion:

**A.     Sufficiency of the Evidence**

Petitioner argues the evidence is insufficient to support the conviction. Respondent argues

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**        Page -3-

this claim is procedurally barred because Petitioner failed to raise this claim in his petition for discretionary review. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state and the state court to which he would be required to present his claims would now find the claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 729-31 (1991).

The records reflect that Petitioner raised his insufficiency of the evidence claim in his state habeas petition, but he failed to raise the claim in his petition for discretionary review. An insufficiency of the evidence claim, however, is not cognizable on state habeas review. *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Accordingly, the Texas Court of Criminal Appeals has not reviewed the claim. The claim cannot be reviewed by a state court because it is too late to file a petition for discretionary review. If this Court were to require Petitioner to return to state court to exhaust this claim, it would be subject to dismissal. Federal courts ordinarily will not review questions of federal law when such a state procedural bar exists.

To overcome the procedural bar established by the abuse-of-the-writ doctrine, a petitioner must demonstrate: (1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law; or (2) that failure to consider the claims will result in a "fundamental miscarriage of justice." *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997) (citing *Coleman*, 501 U.S. at 750). Petitioner has not shown sufficient cause for his failure to present this claim to the Texas Court of Criminal Appeals.

Petitioner has also failed to demonstrate the need to prevent a miscarriage of justice. This exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual

matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). To establish the required probability that he was actually innocent, a petitioner must support his allegations with new, reliable evidence that was not presented at trial and must show it was more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* (citing *Schlup*, 513 U.S. at 327). Petitioner has presented no new, reliable evidence showing that it was more likely than not that no reasonable juror would have convicted him. Petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on Petitioner's insufficiency of the evidence claim.

**B.     Standard of Review**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

(d)     An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently

from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The petition in this case is subject to review under the AEDPA.

**C.     Ineffective Assistance of Counsel**

Petitioner argues he received ineffective assistance of counsel. To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)). Petitioner also cannot rely on a mere allegation of prejudice, the prejudice must be "rather appreciable" in order to satisfy the prejudice prong. *Armstead*, 37 F.3d. at 207.

### (a) Photographic Evidence

Petitioner argues his counsel was ineffective because she failed to: (1) scientifically authenticate the photographs, (2) object to the use of the photographs, (3) move for limiting instructions regarding the photographs, and (4) move to suppress photographic evidence depicting the victim's wounds.

Petitioner argues that counsel failed to properly authenticate the photographic evidence through the use of expert testimony. However, expert testimony is not required in order to properly authenticate photographs; "any person familiar with the scene will suffice." *McFarlane v. State*, 266 S.W.2d 133, 134 (Tex. Crim. App. 1954). In the instant case, Petitioner's counsel asked the victim whether she recognized the photographs and whether it was "a fair and accurate representation of how [she] looked that night..." (3 RR 24). The victim replied in the affirmative and, having been present and, thus, familiar with the scene, her testimony suffices to authenticate the photographs.

Petitioner further argues that counsel was deficient by failing to object to the introduction of the photographic evidence. It is a well-grounded principle that lawyers are "not required to make futile motions or objections." *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 19990), *see also Clark v. Collins*, 19 F.3d 959 (5th Cir. 1984); *Green v. Johnson*, 160 F.3d 1029 (5th Cir. 1998); *Sones v. Hargrett*, 61 F.3d 410 (5th Cir. 1995). Petitioner's counsel stated in her affidavit that she

did not object to the introduction of the photographic evidence because it was properly admissible evidence and she felt "they certainly were just as useful to our position." (SHCR, at 39). Petitioner has stated no proper basis to object to the introduction of the photographs. This claim should be denied.

Petitioner argues counsel failed to move to suppress the photographs because they were not properly authenticated. As discussed in the preceding paragraphs, the photographs were properly authenticated and counsel is not required to make futile motions. Petitioner's claim should be denied.

Lastly, Petitioner argues his counsel was ineffective by failing to move for a limiting instruction regarding the photographic evidence. Petitioner has failed to state the basis for a limiting instruction and, thus, his claim is conclusory and should be denied.

### (b) Jury Instructions

Petitioner argues his counsel was ineffective by failing to object to jury instructions that did not include a charge for a lesser-included offense. In determining whether a plaintiff is entitled to an instruction charging a lesser-included offense, Petitioner must satisfy a two part test. *Pin v. Dretke*, 2005 WL 2453034 at *9 (N.D. Tex. 2005). "First, the lesser included offense must be included within the proof necessary to establish the offense charged, and, second, some evidence must exist in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense." *Id.* (citing *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993)). If there is such evidence permitting a jury to find the defendant guilty of a lesser offense, a jury charge must be given on that evidence whether it was "produced by the state or by the defendant and whether it be strong, weak, unimpeached, or contradicted."

*Rousseau*, 855 S.W.2d at 672 (citations omitted).

To satisfy the first prong of the *Rousseau* test, "the state courts look to the offenses actually charged in the indictment ... and the elements of the charged offense and the alleged lesser included offense." *Id.* (citing *Jacob v. State*, 892 S.W.2d 905, 907-08 (Tex. Crim. App. 1995)). In this case, Petitioner was charged in the indictment with

> unlawfully then and there intentionally, knowingly, and recklessly caus[ing] bodily injury to OPAL HARRIS, hereinafter called complainant, by striking complainant with a firearm, and said defendant did use and exhibit a deadly weapon to-wit: a firearm, during the commission of the assault.

(SHCR-02, at 41).

Petitioner does not state which lesser-included offense should have been charged in the jury instruction. The Court will assume Petitioner is suggesting that simple assault should have been a lesser-included offense. As defined in Tex. Pen. Code § 22.01, a person commits assault when that person, "intentionally, knowingly, or recklessly causes bodily injury to another..." Aggravated assault then occurs when a person, "commits assault as defined in § 22.01 and the person ... uses or exhibits a deadly weapon during the commission of the assault." Because the definition of assault is included the definition of aggravated assault, the first prong of the *Rousseau* test is satisfied.

To satisfy the second prong of the *Rousseau* test, "[t]he evidence must establish the lesser-included offense as a valid rational alternative to the charged offense." *Wesbrook v. State*, 29 S.W.3d 103, 113 (Tex. Crim. App. 2000). In this case, the victim testified that Petitioner used the butt of a gun to inflict her injuries. (3 RR 17). The victim's daughter and the responding police officer both testified that they believed a gun was used in commission of the assault. (3 RR 58, 62-63). Photographs were also admitted into evidence that showed wounds on the victim that

corroborated her story. (3 RR 122-24). The only evidence contrary to the conclusion that a gun was used in the commission of the assault was Petitioner's testimony that the victim sustained her injuries when he pushed her into a door. (3 RR 79-80). Even if the Court finds a rational juror could have believed Petitioner's version of the events, and that his counsel should have requested a less-included instruction, Petitioner must also show prejudice by establishing there is a reasonable probability the result of his trial would have been different had his counsel requested the limiting instruction. Given the testimony and photographic evidence, Petitioner has failed to show that the state court's decision to deny relief on this claim was unreasonable.

### (c) Trial Preparation

Petitioner argues that counsel provided ineffective assistance by failing to adequately prepare for trial by failing to sufficiently investigate the facts, obtain medical testimony, and know the applicable law. In representing a defendant, "counsel has a duty to make a reasonable investigation of defendant's case or to make a reasonable decision that a particular investigation is unnecessary." *Ransom v. Johnson*, 126 F.3d 716, 723 (5th Cir. 1997) (citing *Strickland*, 466 U.S. at 691). In arguing that counsel failed to adequately investigate his case, Petitioner must suggest what further investigation on the part of the lawyer would have discovered that would have aided his defense. *United States v. Green*, 882 F.2d 999, 1002-03 (5th Cir. 1989). Petitioner is further required to demonstrate that counsel's failure to further investigate was unreasonable and that, "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (quoting *Strickland*, 466 U.S. at 687). In determining the reasonableness of counsel's conduct, "a heavy measure of deference must be applied to counsel's judgments." *Id.* (citing *Strickland*, 466 U.S. at 691).

In this case, Petitioner does not argue what further investigations his counsel should have conducted in his case or what a further investigation would have uncovered that would have aided his defense. Without providing such specifics, Petitioner does not meet the requirements to sustain his claim that counsel was ineffective by failing to adequately investigate the facts. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Petitioner also claims his counsel was ineffective by failing to obtain medical expert testimony. A defendant is only entitled to a non-psychiatric medical expert if the evidence is "both 'critical' to the conviction and subject to varying expert opinion." *Yohey v. Collins*, 985 F.2d 222, 227 (5th Cir. 1993) (citation omitted). Furthermore, "[a]n indigent defendant requesting non-psychiatric experts must demonstrate something more than a mere possibility of assistance from a requested expert." *Id.* (citing *Moore v. Kemp*, 809 F.2d 702, 712 (11th Cir. 1987)). Petitioner fails to provide specific evidence as to why the expert testimony was critical or subject to varying opinion. Petitioner also fails to discuss how the expert testimony could have assisted his defense. Petitioner's claims are conclusory and should be denied.

Finally, Petitioner argues his counsel was ineffective by failing to know the law applicable to the facts of his case. As support for this contention, Petitioner again discusses counsel's failure to object to a jury instruction that did not charge for a lesser-included offense. This claim has been discussed above and is without merit.

## C. Summary

Petitioner is lawfully restrained because he has failed to prove that he has been denied a constitutionally protected interest. Accordingly, the state courts' determination to deny relief is

not contrary to or does not involve an unreasonable application of clearly established federal law and is not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

**RECOMMENDATION**

This Court recommends that the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be DENIED.

Signed this 11th day of October, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).